ALBERT J. BUCHOZ, ADM'R, v. JOSEPH PRAY.

*Costs when Both Sides are in Error—Mandamus.*

Mandamus lies to compel the commissioners on an estate to return evidence into the probate court where the law requires it.

Costs on mandamus to a tribunal usually stand against the party benefited by its action.

The commissioners on an estate refused a claimant a finding to which he was entitled, by which the evidence would be returned into the probate court, and also disallowed his claim. On appeal, the circuit court set aside the disallowance, but erroneously allowed the claim contingently, and the Supreme Court reversed its judgment. *Held*, that as the original error was not the claimant's and as the responsibility for subsequent errors was about equal, no costs would be allowed to either party.

MOTION to vacate an order staying execution. The facts are in the opinion. Submitted Oct. 16. Decided Oct. 30.

*A. J. Sawyer* for the motion. Costs are not granted to the prevailing party where his defense has no merits, *Williams v. Guarde*, 34 Mich., 82, or where both parties had

been at fault, *Summers v. Bromley*, 28 Mich., 125, or where the prevailing party had made no objection below, *Clark v. Raymond*, 27 Mich., 456, or presented such a confused record that the court could not pass on the questions in the case, *Adams v. Champion*, 31 Mich., 233, or treated the case improperly or inconsistently, *Ells v. Rector*, 32 Mich., 379.

*H. J. Beakes* against.

GRAVES, J. When the order of the circuit court was set aside in this case the usual order for costs to the plaintiff in error was entered, but subsequent proceedings bringing the facts more fully to our notice, and Mr. Gott on behalf of Mr. Beakes having suggested that the latter desired to move for a change of the judgment in that regard, proceedings were stayed for the purpose. Motion is now made to set aside the stay, and as that only affects the question of costs, the whole is now before us.

The facts appear to be these: Pray presented to the commissioners on the Buchoz estate a contingent claim. Regarding the precise shape the controversy assumed there, there is contradiction; but the showing satisfies us that the claimant presented to the commissioners a draft of such a finding as he was entitled to from them and which would simply have returned the evidence to the probate court as is required by law. This two of the commissioners refused to sign, insisting upon a disallowance of the claim; and Judge Ninde, the third commissioner, while rightly construing the statute to require simply the certifying of the evidence to the probate court, finally united in the disallowance, apparently supposing that in view of the action of the other commissioners it would be necessary for the claimant to have an opportunity to appeal to the circuit court in order to protect his rights. The claimant did appeal, and the circuit court set aside the disallowance, but it also went further, and allowed the claim as a contingent claim, payable only on the contingency occurring.

Now costs are usually awarded against the party who is

37 MICH.—65.

found to be legally in the wrong; and at this stage of the proceedings, if the circuit court erred in allowing the claim, as it is now conceded it did, then it is difficult to perceive that at this stage of the proceedings either party had any just claim for costs against the other. The claimant might be justified in taking action to get rid of the disallowance of his claim, but he had exceeded his right in taking an order for contingent allowance.

Subsequently the administrator brought the case here, where the order of the circuit court was reversed, and if that proceeding stood alone, the administrator should have the costs of this court. But as already stated, the error which has caused all this litigation and made all these costs, originated with the commissioners, and in order to correct it, it now became necessary to resort to a proceeding by mandamus to compel them to do what they should have done, and what Judge Ninde, the legal member of the commission, advised should be done when the case was before them. On this application the facts for the first time are fully presented here.

The two commissioners who had originally refused to certify the proofs to the probate court, contested the application, and applied for time for the purposes of an argument on the technical ground that having made their report they could no longer be compelled to act. The application, however, was granted. Any contest of that sort must usually be deemed to be in the interest of the party adverse to the relator, and is usually made by the counsel for that party, who, after the decision of any tribunal has been made in his favor, may very properly appear and take any lawful steps necessary to support it. And in such a case if costs are awarded on issuing the mandamus, it will not usually be against the tribunal itself, but against the party who had the benefit of its action.

All these proceedings are enumerated for the purpose of showing that when all are taken into account, the administrator can have no just claim to costs. The original error which has made all the costs necessary was not that of the claimant, and since that time the responsibility for error

has been very evenly divided. We think justice will be accomplished as nearly as is possible under the circumstances by leaving each party to pay his own costs, and allowing the stay to stand. The order of the circuit court which was reversed was not a judgment in any proper sense, but an anomalous and contingent order, and we know of no method of adjusting equities between the parties more just than is here indicated.

COOLEY, C. J., and CAMPBELL, J., concurred.

MARSTON, J., did not sit.